# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-00803-CMA-NYW

CHARLES SCHWAB & CO., INC.,

    Plaintiff,

v.

HIGHWATER WEALTH
MANAGEMENT, LLC,

    Defendant.

---

## ORDER
---

Magistrate Judge Nina Y. Wang

This matter is before the court on Defendant Highwater Wealth Management, LLC's ("Defendant" or "Highwater") Motion for Stay of Discovery (the "Motion"). [#31, filed July 28, 2017]. The undersigned considers the Motion pursuant to 28 U.S.C. § 636(b), the Order Referring Case dated March 31, 2017 [#6], the Case Reassignment dated April 3, 2017 [#8], and the Memorandum dated July 31, 2017 [#33]. This court concludes that oral argument will not materially assist in the resolution of this matter. Accordingly, upon careful review of the Motion and related briefing, the applicable case law, and the entire case file, the Motion is DENIED for the reasons stated herein.

## BACKGROUND

Plaintiff Charles Schwab & Company, Inc. ("Plaintiff" or "Charles Schwab") initiated this action by filing its Complaint on March 30, 2017. [#1]. Plaintiff, a securities broker/dealer,

entered into a custodial relationship with Highwater, a Registered Investment Advisory firm ("RIA"), wherein Highwater could offer its clients the option of having their assets custodied with Charles Schwab. [*Id.* at ¶¶ 6–9]. However, Plaintiff alleges that its former employee Gregory Giuffra resigned from Charles Schwab and joined Highwater, and in doing so, illicitly solicited business from Plaintiff's clients in violation of a non-solicitation agreement with Charles Schwab. [#1]. Plaintiff alleges that Highwater was implicit in Mr. Giuffra's illicit acts and even encouraged them. [#1]. Accordingly, Plaintiff asserts the following claims against Defendant: (1) tortious interference with contract ("Claim I"); (2) misappropriation of trade secrets pursuant to the Defend Trade Secrets Act, 18 U.S.C. § 1831 *et seq.* ("Claim II"); (3) misappropriation of trade secrets pursuant to the Colorado Uniform Trade Secrets Act ("CUTSA"), Colo. Rev. Stat. § 7-74-101 *et seq.* ("Claim III"); (4) unfair competition ("Claim IV"); and (5) civil conspiracy ("Claim V"). [#1]. In addition, Plaintiff and Mr. Giuffra are currently engaged in arbitration before the Financial Industry Regulatory Authority, Inc. (the "FINRA Action"). [#3]. Highwater is not a party to that proceeding. [*Id.*].

On May 1, 2017, Highwater filed its Answer and asserted counterclaims for: (1) declaratory relief that the Charles Schwab agreement not to solicit is a void agreement not to compete; and (2) tortious interference with contract and prospective financial advantage. [#16]. Highwater then filed its Amended Counterclaims, amending its second counterclaim to tortious interference with prospective business relations on May 19, 2017. [#19].

The undersigned then held a Scheduling Conference on May 30, 2017, setting a pre-trial schedule for this matter that included September 1 and November 30, 2017, as the deadlines for fact discovery and expert discovery, respectively. [#22]. On July 28, 2017, Highwater filed the

instant Motion, requesting a stay of discovery through November 2017, pending the resolution of the arbitration proceedings between Plaintiff and Mr. Giuffra. [#31]. Defendant also requested an expedited briefing schedule on the Motion given that fact discovery is set to close on September 1, 2017. [#32]. The undersigned granted Highwater's request for an expedited briefing schedule [#35], and the Motion is currently ripe for resolution. *See* [#36; #37]. This court turns to the Parties' arguments below.

## LEGAL STANDARD

"The Federal Rules of Civil Procedure do not provide for the stay of proceedings[.] . . . Instead, Rule 1 instructs that the rules of procedure 'shall be construed and administered to secure the just, speedy, and inexpensive determination of every action.'" *Sutton v. Everest Nat'l Ins. Co.*, No. 07 CV 00425 WYD BNB, 2007 WL 1395309, at *1 (D. Colo. May 9, 2007). Nonetheless, when ruling on a motion to stay, courts weigh the following factors: (1) the plaintiff's interests in expeditiously litigating this action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:02-CV-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006). However, "stays of the normal proceedings of a court matter should be the exception rather than the rule," *Christou v. Beatport, LLC*, No. 10-CV-02912-CMA-KMT, 2011 WL 650377, at *1 (D. Colo. Feb. 10, 2011), and stays in this District are generally disfavored, *see, e.g.*, *Chavez v. Young Am. Ins. Co.*, No. CIVA 06CV02419PSFBNB, 2007 WL 683973, at *2 (D. Colo. Mar. 2, 2007).

**ANALYSIS**

I. **Whether the FINRA Action May Have Preclusive Effect**

"Collateral estoppel, or issue preclusion, is designed to prevent needless relitigation and bring about some finality to litigation[,]" and "bars a party from relitigating an issue once it has suffered an adverse determination on the issue, even if the issue arises when the party is pursuing or defending against a different claim." *Moss v. Kopp*, 559 F.3d 1155, 1161 (10th Cir. 2009) (internal citations and footnote omitted). In according preclusive effect to the issue(s) adjudicated in a state proceeding, a federal court must look to the preclusion doctrines of the state where the adjudication occurred—Colorado in this case. *See Salguero v. City of Clovis*, 366 F.3d 1168, 1173 (10th Cir. 2004) (quoting *Univ. of Tenn. v. Elliot*, 478 U.S. 788, 798 (1986)). Under Colorado law, issue preclusion applies when four elements are met: "(1) the issue is identical to an issue actually litigated and necessarily adjudicated in the prior action; (2) the party against whom estoppel is sought was either a party to the prior action or in privity with a previous party; (3) a final judgment was entered on the merits in the prior proceeding; and (4) the party against whom estoppel is sought had a full and fair opportunity to litigate the issues in the prior proceeding." C*oncerning Application for Water Rights of Sedalia Water & Sanitation Dist. in Douglas Cty.*, 343 P.3d 16, 22 (Colo. 2015). If these elements are satisfied, a non-party to the underlying action may still raise issue preclusion—offensive nonmutual issue preclusion applies when a nonmutual plaintiff seeks to preclude the defendant from relitigating an unsuccessful issue from a prior proceeding; defensive nonmutual issue preclusion applies when a nonmutual defendant raises the doctrine against a plaintiff that unsuccessfully litigated an issue in a prior proceeding. *See Cent. Bank Denver, N.A. v. Mehaffy, Rider, Windholz & Wilson*,

940 P.2d 1097, 1101–03 (Colo. App. 1997); *see also Dodge v. Cotter Corp.*, 203 F.3d 1190, 1198 (10th Cir. 2000). Issue preclusion may also apply to an arbitration award. *See Union Ins. Co. v. Hottenstein*, 83 P.3d 1196, 1202 (Colo. App. 2003).

Highwater first argues for a stay because the arbitrators' decision in the FINRA Action may dispose of Plaintiff's claims in this matter. [#31 at 5]. Highwater contends that Plaintiff's claims in the FINRA Action are nearly identical to its claims against Highwater. [*Id.* at 5–6]. For example, Plaintiff asserts the following claims against Mr. Giuffra in the FINRA Action: (1) breach of contract; (2) misappropriation of trade secrets; (3) breach of duty of loyalty; and (4) unfair competition. [#31-1 at 2]. According to Highwater, should the arbitrators rule in favor of Mr. Giuffra, Plaintiff's identical claims against Highwater must similarly fail. [#31 at 5–6; #37 at 3–6]. Specifically, if the arbitrators find that Mr. Giuffra either did not violate the non-solicitation agreement with Plaintiff or that the non-solicitation agreement is unenforceable, "then Highwater cannot be liable for tortious interference with that Agreement or a conspiracy to injure [Charles] Schwab." [#31 at 5]. Similarly, if the arbitrators find that Mr. Giuffra did not misappropriate trade secrets, "then Highwater is absolved of any wrongdoing," including any injunctive relief against Highwater that Plaintiff also seeks against Mr. Giuffra in the FINRA Action. [*Id.*].

In response, Charles Schwab asserts that the FINRA Action will carry no preclusive effect on this matter, because Highwater is not a party to the FINRA Action. [#36 at 8]. Relatedly, Highwater's counterclaim for tortious interference is not at issue in the FINRA Action. [*Id.* at 10–11]. And, as to narrowing any issues in this matter, Plaintiff asserts that the FINRA Action award will contain no reasoned explanation of the arbitrators' decision pursuant

5

to FINRA Rule 13904(g); thus, the Parties will have no basis for determining how and/or why the arbitrators reached their ultimate decision. [*Id.* at 12].

It appears undisputed that that the FINRA Action *may* have preclusive effect on this matter. First, the FINRA Action will necessarily adjudicate whether: (1) Mr. Giuffra violated the non-solicitation agreement; (2) the non-solicitation agreement is enforceable; (3) Mr. Giuffra misappropriated trade secrets; and (4) Mr. Giuffra's acts constituted unfair competition. *See generally* [#31-1]. Here, Plaintiff's claims assert liability against Highwater on the basis that it conspired with Mr. Giuffra and was implicit in Mr. Giuffra's illicit actions—the basis for the FINRA Action. *Compare* [#1] *with* [#31-1]. Nor is it fatal that the arbitrators will provide no explanation of their award, as they will still be required to actually and necessarily adjudicate the issues just identified in order to issue the arbitration award. *See In re: Larry Ivan Behrends, Debtor. Virginia Cooley-Linder, Cooley-Linder's Retail Prop., LLC, Virginia C. Linder & Darrell F. Linder, LLC, Cooley Linder's French Quarter, LLC, Plaintiff-Appellee, v. Larry Ivan Behrends, Defendant-Appellant.*, No. 14-CV-03247-REB-AP, 2015 WL 5728825, at *4–5 (D. Colo. Sept. 30, 2015).

Second, the parties are the same or in privity with one another, as Charles Schwab is a party to the FINRA Action and Mr. Giuffra, as an employee of Highwater, is in privity with Highwater. *See Cruz v. Benine*, 984 P.2d 1173, 1176 (Colo. 1999) ("Privity between a party and a non-party requires both a substantial identity of interests and a working or functional relationship in which the interests of the non-party are presented and protected by the party in the litigation." (internal quotations, ellipsis, and citations omitted)). Third, the FINRA Action will result in a final judgment on the merits. *Cf. Shaffer v. Merrill Lynch, Pierce, Fenner & Smith,*

*Inc.*, No. C 10-03943 CRB, 2011 WL 3047478, at *4 (N.D. Cal. July 25, 2011) (noting that, under Pennsylvania law, an unconfirmed arbitration award is considered a final judgment on the merits for issue preclusion purposes). Finally, nothing suggests that Charles Schwab or Mr. Giuffra will not have a full and fair opportunity to litigate the issues in the FINRA Action. *See* [#31 at 8; #37 at 4]. Accordingly, the FINRA Action very well could have preclusive effect on this matter against either party. *See, e.g.*, *Shaffer*, 2011 WL 3047478, at *5–8; *Lobaito v. Fin. Indus. Regulatory Auth., Inc.*, No. 13 CIV. 6011 GBD HBP, 2014 WL 4470423, at *12 (S.D.N.Y. Sept. 9, 2014) (concluding that issue preclusion precluded the relitigation of issues the plaintiff litigated in a FINRA arbitration proceeding against a different defendant).

The trouble is, at this juncture, it is entirely unclear when the arbitration will occur; or what the scope of any preclusive effect might be. Indeed, to the extent that Mr. Guiffra is found liable in the FINRA Action, it is not guaranteed that the presiding judge, the Honorable Christine M. Arguello, would permit Charles Schwab to invoke preclusion in its favor. Thus, given the level of uncertainty, this court concludes that this factor is neutral as to whether a stay is warranted.

## II. Whether a Stay is Warranted

Highwater continues that a stay is warranted under the *String Cheese* factors namely because Highwater thinks the FINRA Action may resolve or significantly narrow the issues in this matter. In support of its position, Highwater relies on *Adams v. Modernad Media, LLC*, wherein the court explained that a stay of nonarbitrable claims may be warranted when the "arbitrable claims will have a preclusive effect on the nonarbitrable claims . . . [and] predominate over the nonarbitrable claims." No. 12-CV-00513-PAB-MEH, 2013 WL 674024, at *6 (D.

Colo. Feb. 25, 2013) (internal quotations and citation omitted). Nevertheless, this court concludes that Highwater's reliance on *Adams* is misplaced, as *Adams* dealt with an underlying arbitration proceeding involving the same parties. Here, Highwater is not a party to the FINRA Action; accordingly, the potential preclusive effect of the arbitration decision is yet to be determined. Further, "the mere fact that piecemeal litigation results from the combination of arbitrable and nonarbitrable issues is not reason enough to stay [plaintiff's] entire case." *Adams*, 2013 WL 674024, at *6.

Defendant further argues that there will be no prejudice to Charles Schwab, because Plaintiff already waited the full eighteen months after the expiration of the restrictive covenants at issue in the FINRA Action before filing this matter, and that a stay until the FINRA Action concludes "may negate the need for additional discovery for [Plaintiff]." [#31 at 6; #37 at 7–8]. Second, Highwater argues it would be burdened by proceeding with discovery, especially given that the FINRA Action may dispose of any need for additional discovery, and that there is a risk of inconsistent rulings between this matter and the FINRA Action. [#31 at 7]. Third, Highwater believes it would be more convenient for this court to grant a stay, because the FINRA Action may narrow or resolve the issues in this case. [*Id.* at 7–8; #37 at 9]. Lastly, Highwater avers that allowing discovery to proceed would affect the interests of non-parties, as Plaintiff has called certain witnesses in the FINRA Action that may also be deposed in this matter, and, relatedly, the public has an interest in "limiting expensive and time-consuming litigation. [#31 at 8–9; #37 at 9–10].

Charles Schwab responds that a stay will prejudice its interests in proceeding expeditiously with this litigation, as it would have to delay and reschedule the depositions

noticed for the month of August. [#36 at 5]. Further, Plaintiff seeks mandatory injunctive relief requiring Defendant to purge Plaintiff's trade secrets from its possession; thus, Plaintiff has a compelling interest in a "speedy" determination of this action. [*Id.*]. Next, Charles Schwab argues that there is no burden on Defendant to proceed with discovery, because any discovery in this matter is free for Mr. Giuffra's use in the FINRA Action, and because "the bulk of discovery has already been completed" in this matter and is complete in the FINRA Action. [*Id.* at 6–7 & n.1]. As to convenience to the court, Plaintiff contends that Defendant is wrong to believe that the FINRA Action "may" dispose of or narrow the issues in this matter, and a stay would place more constraints on the court's docket in this matter and could require additional scheduling conferences. [*Id.* at 8]. Finally, Charles Schwab contends that there will be no additional burden on witnesses called during the FINRA Action that may then be deposed in this matter given that Plaintiff may depose those witnesses on subjects not covered during the FINRA Action, and the public is better served by prompt resolution of litigation. [*Id.* at 9–10].

Ultimately, this court concludes that a stay of this matter is not warranted under the circumstances. Several factors are significant to this court's conclusion. First, though it had the right to do so, Highwater made an affirmative decision not to join the FINRA Action, resulting in overlapping claims being litigated in two distinct fora. Notably, the Parties agreed to these parallel tracks, and at no point prior to this Motion did Highwater suggest that a stay of discovery in this action, pending the conclusion of the FINRA Action, may be warranted or forthcoming. Next, as discussed above, it is uncertain as to when the FINRA Action will proceed to a hearing. Although Highwater indicates that the FINRA Action may be reset for some time in October 2017, *see* [#31 at 3], there is no guarantee that this will occur. In fact, Plaintiff intimates that the

9

FINRA Action may be pushed to early 2018. [#36 at 11]. Similarly, even if the FINRA Action were to proceed to a hearing in October 2017, there is no indication as to when the arbitral panel will issue the award—the basis for determining what, if any, preclusive effect the FINRA Action may have on this matter. To the extent that a Party wishes to avoid inconsistent results or additional expenses, it may, if appropriate, move for a stay or administrative closure of these proceedings *after* discovery is completed to defer substantive adjudication of these claims. Lastly, discovery in the FINRA Action has already closed and discovery in this matter is set to close in a matter of weeks. The Parties already agreed to utilize all discovery obtained in the FINRA Action in this civil action in an effort to avoid unnecessary duplication of expense. [#22 at 8]. To the extent that particular issues arise, such as the pending Motion to Quash, this court finds that it is more appropriate to address specific issues rather than granting an indefinite stay pending an unscheduled arbitration hearing.

## CONCLUSION

For the reasons stated herein, **IT IS ORDERED** that:

(1)    Defendant Highwater Wealth Management, LLC's Motion for Stay of Discovery [#31] is **DENIED**.

DATED: August 16, 2017                    BY THE COURT:

                                                                    s/Nina Y. Wang_____
                                                                    Nina Y. Wang
                                                                    United States Magistrate Judge